# UNITED STATES DISTRICT COURT
## Northern District of California

| | |
|---|---|
| RICHMOND BAY MARINA, LLC, | No. C 13-02978 MEJ |
| Plaintiff, | **QUESTIONS FOR NOVEMBER 7, 2013 HEARING ON PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT** |
| v. | |
| THE VESSEL "RELAX," | |
| Defendant. | |

The matter is set for hearing on Plaintiff's Motion for Default Judgment (Dkt. No. 23) on November 7, 2013. In advance of the hearing, the Court issues the following questions which Plaintiff should be prepared to address.

1. Pursuant to Admiralty Local Rule 6-1(a)(2), a party seeking default judgment in an action *in rem* must show that due notice of the action and arrest of the property has been given: "[b]y service under Fed. R. Civ. P. 5(b) upon every other person who has not appeared in the action and is known to have an interest in the property." Here, Plaintiff alleges that Mr. Kassatkin is the owner of the Vessel. Has Mr. Kassatkin been served with notice of the action and arrest?

2. Plaintiff alleges that the berthing and utilities provided to the Vessel were "necessaries" under 46 U.S.C. § 31301. This statute states that necessaries include repairs, supplies, towage, and the use of a dry dock or maritime railway. Necessaries have also been described as those things that allow a vessel to perform its ordinary functions; these are the items that "a prudent owner would provide to enable a ship to perform the functions for which she has been engaged and include most goods or services that are useful to the vessel to keep her out of danger and enable her to perform her particular function. *Ventura Packers, Inc. v. F/V Jeanine Kathleen*, 305 F.3d 913, 922 (9th Cir. 2002).

    What authority does Plaintiff have recognizing *berthing* as a necessary, such that a maritime lien attaches for nonpayment for berthing?

3. Although Mr. Kassatkin has not opposed the Motion for Default Judgment or otherwise entered a formal appearance in this matter, he has filed a Request for Supervised Access to Remove Personal Belongings from the Vessel. What is Plaintiff's position on this?

4. Plaintiff has not attached the Berthing License Agreement to the Complaint or to Stephen Orosz's Declaration and there is nothing in the record indicating how the berthing fees were calculated. Likewise, there is no documentary evidence regarding the electricity provided to the Vessel.

**IT IS SO ORDERED.**

Dated: November 5, 2013

_____
Maria-Elena James
United States Magistrate Judge