UNITED STATES DISTRICT COURT

Northern District of California

| | |
|---|---|
| RICHMOND BAY MARINA, LLC,<br><br>            Plaintiff,<br>  v.<br>THE VESSEL "RELAX," her engines, boats, tackle, apparel and furniture, No. 1037234,<br><br>            Defendant.<br>_____/ | No. C 13-02978 MEJ<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AGAINST THE VESSEL "RELAX"**<br><br>[Dkt. No. 23] |

## I. INTRODUCTION

On June 28, 2013, Plaintiff Richmond Bay Marina, LLC, filed this admiralty and maritime action *in rem* against Defendant The Vessel "Relax," Documentation No. 1037234, alleging that between June 1, 2001, and December 30, 2012, the Vessel incurred berthing charges and late fees at the Marina Bay Yacht Harbor and consumed electrical utilities during May through August 2011, which remain unpaid to the total of $6,956.23. Compl. ¶¶ 5-8, Dkt. No. 1. Plaintiff seeks to foreclose a maritime lien against the Vessel, her engines, boats, tackle, apparel, and furniture pursuant to the Federal Maritime Lien Act ("FMLA"), 46 U.S.C. § 31342, and seeks a judgment condemning the Vessel and an order for its sale to pay the outstanding amount. *Id*. at 3.

Pending before the Court is Plaintiff's Motion for Default Judgment (Dkt. No. 23). No adverse parties – including the owner of the Vessel – have appeared in the action or filed an opposition to the Motion. On November 7, 2013, the Court held a hearing on the Motion. After carefully reviewing the record, and controlling authorities, the Court **GRANTS** Plaintiff's Motion for Default Judgment.

## II. BACKGROUND

Defendant is a fiberglass recreational sailing vessel approximately 63' in length. Compl. ¶ 3. On November 1, 2008, the Vessel's owner, Paul Kassatkin, entered into a Berth License Agreement with Plaintiff, pursuant to which Plaintiff agreed to provide berthing and electrical power to the Vessel while it was located in the Marina Bay Yacht Harbor in Richmond, California. *Id. ¶* 5; Dkt. No. 29 at 1-6 (Agreement). The Vessel was berthed at the Marina Bay Yacht Harbor under the Berth License Agreement until January 20, 2012, when the Vessel was moved to Emeryville Marina, in Emeryville, California. Compl. ¶ 5.

Plaintiff alleges that between June 1, 2011 and December 30, 2012, pursuant to the Berth License Agreement, the Vessel incurred $6,615 in berthing charges, plus $245 in late fees (at a rate of $35 per month). *Id*. ¶ 6. Additionally, Plaintiff alleges that the Vessel consumed electrical utilities for the months of May through August 2011, in the amount of $96.23. *Id*. ¶ 7. According to Plaintiff, the total amount of $6,956.23 is due and payable (*Id*. ¶ 8), and it has demanded payment of the outstanding amount, but it has not been paid (*Id*. ¶ 10).

As a result, Plaintiff filed the instant *in rem* action, asserting a maritime lien against the Vessel, her engines, boats, tackle, apparel, and furniture pursuant to 46 U.S.C. § 31341(a)(1) and general maritime law. Compl. ¶ 11; Mot. at 2.

On July 2, 2013, the Court approved Plaintiff's proposed warrant of arrest, ordering that a warrant be issued for arrest of the Vessel, which the Clerk of Court thereafter issued. Dkt. Nos. 13, 14. Concurrently, the Court granted Plaintiff's Application for Appointment of a Substitute Custodian, appointing Stephen Orosz, Harbormaster of Marina Bay Yacht Harbor, custodian of the Vessel and authorizing the U.S. Marshal for the Northern District of California to surrender possession of the Vessel to him. Dkt. No. 11. The Marshal arrested the Vessel on July 17, 2013, at Emeryville Marina, and it was towed to the Marina Bay Yacht Harbor. Dkt. No. 15. The Marshal filed a Process Receipt and Return on July 19, 2013. *Id*.

Thereafter, Plaintiff published a Notice of Action and Arrest in *The Recorder*, in compliance with Admiralty Local Rule 4-2(a), and Plaintiff filed the Proof of Publication pursuant to Admiralty

**UNITED STATES DISTRICT COURT**
For the Northern District of California

Local Rule 4-2(b). Dkt. No. 16.

On August 22, 2013, Plaintiff requested entry of default (Dkt. No. 17), which the Clerk of Court entered on August 22, 2013 (Dkt. No. 18).

On October 4, 2013, Mr. Kassatkin filed a request for Supervised Access to Remove Personal Belongings from the Vessel. Dkt. No. 20. Mr. Kassatkin, however, did not formally appear in this action or file a verified statement of right of possession or ownership interest in the Vessel.

Subsequently, on October 11, 2013, Plaintiff filed the instant Motion for Default Judgment. Dkt. No. 23. No oppositions were filed in response to the Motion. On November 7, 2013, the Court held a hearing on the Motion. Mr. Kassatkin appeared at the hearing and indicated that he opposed the Motion. The Court explained to Mr. Kassatkin that he had to appear in the matter, move to set aside the entry of default, and file an opposition or a statement setting forth his interest in the Vessel. Following the hearing, the Court issued an order setting a deadline for Mr. Kassatkin to appear and move to set aside the default for November 19, 2013. Dkt. No. 27 at 1. The Court also ordered that Mr. Orosz permit Mr. Kassatkin to go aboard the Vessel to recover personal items. *Id*. The Court continued the hearing on the Motion for Default Judgment to November 21, 2013. *Id*.

Prior to the November 21, 2013 hearing, Mr. Kassatkin failed to file any opposition to the Motion or move to set aside the entry of default. At the hearing, the Court questioned whether Mr. Kassatkin had attempted to file any opposition. Mr. Kassatkin responded that he had no defense to set the default aside. Accordingly, the Court took the Motion under submission and now issues its ruling.

### III. LEGAL STANDARD

Pursuant to Admiralty Local Rule 6-2(b), after entry of default, a plaintiff may move for default judgment pursuant to Federal Rule of Civil Procedure 55(b). The Court may enter default judgment upon a showing that: (1) notice has been given as required by Admir. L.R. 6-1(a)(2) and (b)(2); (2) the time to answer has expired; and (3) no one has filed a verified statement of right of possession or ownership interest in the property. Admir. L.R. 6-2(b)(1)-(3).

Admiralty Local Rule 6-1, in turn, provides in relevant part:

> (a) Notice Required. A party seeking a default judgment in an action *in rem* must show that due notice of the action and arrest of the property has been given:
>
>> (2) In actions not subject to Fed. R. Civ. P. Supp. G:
>>
>>> i. By publication as required in Fed. R. Civ. P. Supp. C(4);
>>>
>>> ii. By service upon the master or other person having custody of the property; and
>>>
>>> iii. By service under Fed. R. Civ. P. 5(b) upon every other person who has not appeared in the action and is known to have an interest in the property.

Admir. L.R. 6-1(a)(2).

Generally, "[t]he district court's decision whether to enter default judgment is a discretionary one." *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). In determining whether default judgment is appropriate, the Ninth Circuit has enumerated the following factors for courts to consider: (1) the possibility of prejudice to the plaintiff; (2) the merits of the plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of dispute concerning material facts; (6) whether default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986). Where a default judgment is granted, the scope of relief is limited by Federal Rule of Civil Procedure 54(c), which states that a "default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c). Upon entry of default, all factual allegations within the complaint are accepted as true, except those allegations relating to the amount of damages. *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987).

### III. DISCUSSION

**A.   Magistrate Judge Jurisdiction to Enter Judgment**

The initial issue this Court must address is whether the undersigned magistrate judge may enter judgment in this action in light of the fact that Mr. Kassatkin did not appear or consent to magistrate jurisdiction pursuant to 28 U.S.C. § 636(c). The Court concludes that it may.

Section 636(c) gives magistrate judges the authority to enter judgment in a civil action "upon

4

consent of the parties." Here, the action is *in rem* against the Vessel. The Ninth Circuit has held that in an *in rem* forfeiture proceeding, a party that fails to comply with the applicable filing requirements is precluded from standing as a "party" to the action, thus making it unnecessary to obtain the individual's consent to proceed before a magistrate judge. *United States v. 5145 N. Golden State Blvd.*, 135 F.3d 1312, 1317 (9th Cir. 1998). Because Mr. Kassatkin did not appear or file a verified statement pursuant to Admiralty Local Rule 6-2(b)(3), he does not have standing as a party. Therefore, the undersigned magistrate judge may enter a judgment on the Motion even though consent to magistrate judge jurisdiction has not been obtained from him as the owner of the Defendant Vessel. *See Crescent City Harbor Dist. v. M/V Intrepid*, 2008 WL 5211023, at *2 (N.D. Cal. Dec. 11, 2008).

**B.     Subject Matter Jurisdiction**

This Court has jurisdiction over this action under 28 U.S.C. § 1333, which vests district courts with original jurisdiction over "any civil case of admiralty or maritime jurisdiction." 28 U.S.C. § 1333. An *in rem* action may be brought to enforce any maritime lien, or whenever a statute of the United States provides for a maritime action to be brought *in rem*. Fed. R. Civ. P. C(1). Here, Plaintiff seeks to enforce a maritime lien under the FMLA, 46 U.S.C. § 31342. Accordingly, the Court has subject matter jurisdiction over this action. *See Ventura Packers, Inc. v. F/V Jeanine Kathleen*, 305 F.3d 913, 918-23 (9th Cir. 2002) (holding that the Maritime Lien Act provides a statutory basis for the exercise of a district court's admiralty jurisdiction).

**C.     Compliance With Admiralty Local Rules**

In its Motion, Plaintiff contends that it has complied with the service requirements set forth in Federal Rule of Civil Procedure Supplemental Rule C(3)(b)(i). This rule provides that, "If the property that is the subject of the action is a vessel or tangible property on board a vessel, the warrant and any supplemental process must be delivered to the marshal for service." Fed. R. Civ. P. Suppl. R. C(3)(b)(i). Plaintiff submits that the U.S. Marshal's Process Receipt and Return shows that the Vessel's custodian was served when the Vessel was arrested on July 17, 2013. Dkt. No. 15.

Next, Plaintiff asserts that it complied with the notice requirements set forth in Admiralty

5

Local Rule 4-2(a) when it published notice in *The Recorder*. Mot. at 4. This rule provides:

    **(a)**   **Publication.** The public notice specific by Fed. R. Civ. P. Supp. C(4) shall be published once in a newspaper named in Civil L.R. 77-4, and plaintiff's attorney shall file a copy of the notice as it was published with the clerk. The notice shall contain:

        (1)   The court, title, and number of the action;

        (2)   The date of the arrest;

        (3)   The identity of the property arrested;

        (4)   The name, address, and telephone number of the attorney for plaintiff;

        (5)   A statement that any person who asserts a right of possession of any ownership interest in the property pursuant to Fed. R. Civ. P. Supp. (C)(6) must file a verified statement of right or interest within 14 days of the execution of process or within the period specified by court order;

        (6)   A statement that any person required to file a verified statement of right or interest must also file and serve an answer to the complaint within 21 days after filing the statement of interest or right, and that otherwise, default may be entered and condemnation ordered;;

        (7)   A statement that applications for intervention under Fed. R. Civ. P. 24 by persons claiming maritime liens or other interests against the property shall be filed within the time fixed by the court; and

        (8)   The name, address, and telephone number of the marshal.

Reviewing the Proof of Publication Plaintiff filed, the undersigned agrees that it conforms to Admiralty Local Rule 4-2(a)'s requirements.

    Third, Plaintiff contends that it has satisfied Admiralty Local Rule 6-2(b)'s requirements for default judgment. Mot. at 4. First, Plaintiff states that it has properly given notice in compliance with Admiralty Local Rule 6-1(a)(2) by the publication of the Notice of Action and Arrest and by service upon the Substitute Custodian by the U.S. Marshal. Mot. at 4. The Notice expressly stated, in relevant part:

    Any person who asserts a right to possession of any ownership interest in the foregoing vessel pursuant to Fed. R. Civ. P. Supp. C(6) must file a verified statement of right or interest within 14 days of the execution of process or within the period specified by court order. Any person required to file a verified statement of right or interest must also file and serve an answer to the complaint within 21 days after filing the statement of interest or right, and that otherwise, default may be entered and condemnation ordered. Applications for intervention under Fed. R. Civ. P. 24 by persons claiming maritime liens or other interest against the vessel shall be filed

6

within the time fixed by the court.

Dkt. No. 16.

Next, Plaintiff contends that the time to answer has expired and no answers or motions were filed in response to the Complaint. Mot. at 4. Third, Plaintiff contends that no one has filed a verified statement of right of possession or ownership interest in the Vessel. *Id*.

The Court agrees that, based on the foregoing, Plaintiff has satisfied each of the requirements set forth in Admiralty Local Rule 6-2(b) and has complied with the notice requirements of Local Rule 6-1(a)(2). Further, no interested party has filed a timely verified statement asserting an interest in the Vessel. Accordingly, the Court tuns its analysis to whether default judgment is appropriate based on the factors articulated in *Eitel*.

**D.     *Eitel* Analysis**

1. <u>Possibility of Prejudice to Plaintiff</u>

Under the first factor, the Court must examine whether Plaintiff will be prejudiced if the Court denies its Motion for Default Judgment. *Eitel*, 782 F.2d at 1471-72. As set forth in Plaintiff's Complaint, pursuant to the Berth License Agreement, Plaintiff provided necessaries to the Vessel, and despite demand for payment, Plaintiff has been unable to recover the outstanding amounts owed for berthing, late fees, and electricity. Compl. ¶¶ 5-10. Thus, if the Court were to deny Plaintiff's Motion, Plaintiff would be unable to recover the outstanding amounts and further delay in securing a judgment would only increase the chances that Plaintiff will be unable to recover such amounts. Accordingly, this factor weighs in favor of default judgment. *See United States v. Mare Island Sales, LLC*, 2008 WL 4279406, at *2 (E.D. Cal. Sept. 16, 2008).

2. <u>Merits of Plaintiff's Substantive Claim and the Sufficiency of the Complaint</u>

The second and third *Eitel* factors focus on the merits of Plaintiff's substantive claims and the sufficiency of the Complaint. *Eitel*, 782 F.2d at 1471-72. In order for these factors to weigh in Plaintiff's favor, Plaintiff must assert claims upon which it may recover. *See PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1175 (C.D. Cal. 2002). As indicated above, Plaintiff asserts and seeks to foreclose a maritime lien against the Vessel under 46 U.S.C. § 31342 based on unpaid fees

for berthing and utilities Plaintiff provided pursuant to the Berth License Agreement.

46 U.S.C. § 31342 provides:

> (a) Except as provided in subsection (b) of this section, a person providing necessaries to a vessel on the order of the owner or a person authorized by the owner--
>
> > (1) has a maritime lien on the vessel;
> >
> > (2) may bring a civil action in rem to enforce the lien; and
> >
> > (3) is not required to allege or prove in the action that credit was given to the vessel.
>
> (b) This section does not apply to a public vessel.

46 U.S.C. § 31342.

In order to establish a maritime lien for necessaries, a supplier must show: (1) that the goods or services were provided to the vessel; (2) that the goods or services were "necessaries"; (3) that the charges are reasonable in amount; and (4) that they were ordered by someone with the appropriate authority. *Belcher Co. of Ala. v. M/V Martha Mariner*, 724 F.2d 1161, 1164 (5th Cir. 1984); *see also Int'l Seafoods of Alaska, Inc. v. Park Ventures, Inc.*, 829 F.2d 751, 753 (9th Cir. 1987); *Farwest Steel Corp v. Barge Sea Span 241*, 769 F.2d 620, 623 (9th Cir. 1985). Plaintiff has made a sufficient showing as to each of these factors. Section 31301(4) states that "'necessaries' includes repairs, supplies, towage, and the use of a dry dock or marine railway[.]" 46 U.S.C. § 31301(4). "The list is not exhaustive, and in fact, modern admiralty jurisprudence interprets 'necessaries' broadly, as anything that facilitates or enables a vessel to perform its mission or occupation." *Ventura Packers*, 305 F.3d at 923. "The term 'necessaries' includes most goods or services that are useful to the vessel to keep her out of danger." *Id*. Here, the Court finds that Plaintiff has made an adequate showing establishing the existence of a maritime lien under § 31342.

First, Plaintiff has sufficiently alleged and provided documentation that it provided berthing and electrical power to the Vessel pursuant to the Berth License Agreement from November 2008 through January 30, 2012. Compl. ¶ 5 & Dkt. No. 29 at 1-6. Plaintiff has also provided documentation demonstrating that between June 1, 2011, and December 30, 2012, the Vessel incurred berthing charges amounting to $6,615, plus late fees in the amount of $245, which remain

outstanding. Compl. ¶ 6 & Dkt. No. 29 at 7-8. Plaintiff has also sufficiently alleged that the Vessel consumed electrical utilities for the months of May – August 2011, totaling $96.23, which remain outstanding. Compl. ¶ 7 & Dkt. No. 29 at 7-8.

Second, the Court agrees with Plaintiff that these services were "necessaries" under § 31301(4). *See Crescent City Harbor District*, 2008 WL 5211023, at *3 (finding that wharfage is considered a necessary under maritime law); *Canton Port Servs. v. M/V Snow Bird*, 690 F. Supp. 2d 405, 408 (D. Md. 2010) (finding that docketing services were necessaries under the FMLA); *Am. E. Dev. Corp. v. Everglades Marina, Inc.*, 608 F.2d 123, 125 (5th Cir. 1979) (recognizing that "[s]everal courts have imposed maritime liens for docking, wharfage, or storage fees . . . .").

Third, the charges that Plaintiff seeks are reasonable and are of the type that can be expected by a harbor providing berthing to a vessel over an extended period of years. *See Crescent City Harbor Dist.*, 2008 WL 5211023, at *3.

Fourth, Mr. Kassatkin procured the services when he executed the Berth License Agreement. Dkt. No. 29 at 6. Under 46 U.S.C. § 31341(a)(1), as the owner of the vessel, Mr. Kassatkin is statutorily presumed to have authority to procure necessaries for it.

Taken together, the Court finds that Plaintiff has sufficiently established the existence of a maritime lien under § 31342.

3.   Sum of Money at Stake

The fourth *Eitel* factor analyzes the amount of money at stake in the action. *Eitel*, 782 F.2d at 1471-72. When the amount at stake is substantial or unreasonable in light of the allegations in the complaint, default judgment is disfavored. *See Truong Giang Corp. v. Twinstar Tea Corp.*, 2007 WL 1545173, at *12 (N.D. Cal. May 29, 2007). Here, Plaintiff seeks judgment against the Vessel in the amount of $6,956.23, which represents the amounts owed for berthing and late fees under the Berth License Agreement, and utilities provided while at Marina Bay Yacht Harbor. Compl. at 4. Plaintiff also seeks authorization to use its "custodius legis" costs (pursuant to cost bill to be filed post-judgment) and that it be permitted to "credit bid" up to its judgment amount at any subsequent U.S. Marshal conducted auction. *Id.*

9

The sum Plaintiff seeks is directly related to the amounts due pursuant to the parties' Berth License Agreement and for electricity provided while the Vessel was berthed at Marina Bay Yacht Habor. Thus, this factor weighs in favor of default judgment.

### 4. Possibility of a Material Factual Dispute

The fifth *Eitel* factor examines the likelihood of dispute between the parties regarding the material facts surrounding the case. *Eitel*, 782 F.2d at 1471-72. Upon defaulting, the defendant is "deemed to have admitted all well-pleaded factual allegations" in the complaint. *DirecTV, Inc. v. Hoa Huynh*, 503 F.3d 847, 851 (9th Cir. 2007) (citations omitted).

Here, Plaintiff seeks to recover costs pursuant to the Berth License Agreement and for electricity provided to the Vessel. The amounts directly correlate to those agreed upon in the parties' contract and Defendant has provided an itemized breakdown of the payments that remain outstanding. *See* Dkt. No. 29. Thus, there is little likelihood of a dispute concerning the material facts in support of Plaintiff's Complaint. This factor, too, weighs in favor of default judgment.

### 5. Whether Default Was the Result of Excusable Neglect

The sixth *Eitel* factor examines whether any interested party's failure to respond to Plaintiff's allegations was the result of excusable neglect. *Eitel*, 782 F.2d at 1471-72. As set forth above, Plaintiff provided notice by publication pursuant to Admiralty Local Rule 6-1(a)(2). Mr. Kassatkin, the owner of the Vessel, is clearly on notice of this action, as demonstrated by appearance at the two hearings the Court held and his Request retrieve property onboard the Vessel. Nevertheless, despite ample time, neither Ms. Kassatkin nor any other interested party filed an answer or otherwise challenged the Motion for Default Judgment. There is nothing in the record suggesting that any individual's failure to appear and litigate this matter is based on excusable neglect. *Shanghai Automation Instrument Co. v. Kuei*, 194 F. Supp. 2d 995, 1005 (N.D. Cal. 2001) (default after proper service was not excusable neglect). As such, this factor weighs in favor of granting default judgment.

### 6. Strong Public Policy Favoring Decisions on the Merits

The final *Eitel* factor examines whether the policy of deciding a case based on the merits precludes entry of default judgment. *Eitel*, 782 F.2d at 1471-72. In *Eitel*, the Ninth Circuit

10

1  admonished that "[c]ases should be decided on their merits whenever reasonably possible." *Id.* at
2  1472. However, courts have recognized that "the mere existence of [Rule 55(b)] indicates that this
3  preference, standing alone, is not dispositive." *PepsiCo, Inc.*, 238 F. Supp. 2d at 1177 (internal
4  quotation and citation omitted). Similarly, other courts have stated that default judgment is
5  appropriate when a defendant refuses to litigate a case. *See, e.g.*, *Bd. of Trs. v. RBS Wash. Blvd, LLC*,
6  2010 WL 145097, at *4 (N.D. Cal. Jan. 8, 2010). Here, given that no interested parties have formally
7  appeared or participated in the proceedings, a decision on the merits is not possible. In situations
8  such as this, Rule 55(b)(2) allows the Court to grant default judgment. This final factor thus weighs
9  in favor of granting Plaintiff's Motion.

### 7. Summary

Based on the foregoing analysis, the Court finds that each of the *Eitel* factors weighs in favor of granting default judgment. The Court therefore concludes that Plaintiff is entitled to default judgment in this matter.

## E. Relief Requested

Plaintiff seeks judgment against the Vessel in the amount of $6,956.23; authorization to use its "custodius legis" costs; that the Vessel be condemned and ordered sold by the U.S. Marshal; authorization that Plaintiff be permitted to "credit bid" up to its judgment amount at any subsequent U.S. Marshal-conducted auction; and that such sale be conducted in accordance with general maritime law and local admiralty rules and procedures for the purposes of satisfying the default judgment requested. Mot. at 4-5.

As detailed above, the Court finds that Plaintiff is etitled to default judgment on its maritime lien in the amount of $6,956.23. The Court therefore **GRANTS** Plaintiff's request to foreclose the lien and **ORDERS** that the Vessel be condemned and sold by the U.S. Marshal at public auction.

With respect to Plaintiff's request to use its "custodius legis" costs, the Court finds that Plaintiff is entitled to such costs, provided Plaintiff substantiates the amount claimed.

As to Plaintiff's request that it be allowed to credit bid, the local admiralty rules governing payment of bids at public auction sales, provide that, "a plaintiff . . . foreclosing a properly recorded

preferred mortgage on, or other valid security interest in the vessel may bid, without payment of cash, certified check or cashier's check, up to the total amount of the secured indebtedness as established by affidavit filed and served by that party on all other parties no later than 14 days prior to the date of sale." Admir. L. R. 9-2(b). Provided that Plaintiff complies with the notice requirements set forth in Admir. L. R. 9-2, Plaintiff's request for an order permitting it to credit bid up to its judgment amount, the request is **GRANTED**.

### IV.  CONCLUSION

For the reasons set forth above, the Court **GRANTS** Plaintiff's Motion for Default Judgment against the Vessel "Relax," (U.S. Documentation No. 1037234) her engines, boats, tackle, apparel, and furniture in the amount of $6,956.23, and custodies legis costs (pursuant to cost bill to be filed post-judgment). Plaintiff shall recover the amount of its judgment from the foreclosure of its maritime lien against the Vessel "Relax," which the Court **ORDERS** to be accomplished through a public sale, to be conducted by the United States Marshal pursuant to Admiralty Local Rule 9-2, and that Plaintiff be permitted to credit bid up to its judgment amount at said public sale. The Court shall retain jurisdiction of this action through the completion of the sale of the Vessel "Relax," and any related proceedings. To the extent that any dispute remains between Mr. Kassatkin and Plaintiff whether items on the Vessel constitute personal belongings, the parties shall file a **joint** statement: (1) listing and describing the items in dispute; and (2) stating each side's position as to why the item constitutes or does not constitute personal property. The joint statement shall be due no later than January 9, 2014. Plaintiff shall serve a copy of this Order on Mr. Kassatkin.

**IT IS SO ORDERED.**

Dated: December 19, 2013

_____
Maria-Elena James
United States Magistrate Judge